1  FRED W. ALVAREZ, State Bar No. 68115
   ALLISON B. MOSER, State Bar No. 223065
2  EMILIE O. REESLUND State Bar No. 294204
   JONES DAY
3  Silicon Valley Office
   1755 Embarcadero Rd.
4  Palo Alto, CA 94303
   Telephone: (650) 739-3939
5  Facsimile: (650) 739-3900
   Email: falvarez@jonesday.com
6  Email: amoser@jonesday.com
   Email: ereeslund@jonesday.com
7  Additional defense counsel on page 2.

8  Attorneys for Defendants
   COMCAST CORPORATION and
9  COMCAST OF CONTRA COSTA, INC.

10              UNITED STATES DISTRICT COURT

11              EASTERN DISTRICT OF CALIFORNIA

12

13 | KEVIN HUFFMAN, JOSHUA DELACRUZ, MARK HAUMSCHILT, JAMES PATTERSON, JEREMY POWELL, MARK TAYLOR, RONALD HARRISON, SAMUEL SMITH, MARK WALKER, ETHAN WIESER, RICK ALEXANDER, HENG ITH, CHRISTOPHER CHENG, ROBERT WRIGHT, KENNETH WEAR, JOHN SCHMITT JR., JOHN WILLIAM MORRIS, SR., LYNDA DUGGER, MOSHE CRAWFORD, DANIEL HESTER, JASON SHELTON, SHAWN PICKENS, ANDRES HIDALGO, DEREK WELLS, VIDAL PINEDA, ADAM CARTER, ROBERT LOWRY, BRANDON THORNTON, ANTHONY HILL, RICHARD DIAZ, MARK MCGAVOCK and ROBERT CRAWFORD,

   Plaintiffs,
         v.

   COMCAST CORPORATION, a Pennsylvania Corporation; COMCAST OF CONTRA COSTA, INC., a Washington Corporation; and DOES 1 through 50, Inclusive,

         Defendants.

CASE NO. 2:15-cv-02186-DAD-SKO

**JOINT STATUS REPORT**

Complaint filed November 21, 2014

---

**JOINT STATUS REPORT - CASE NO. 2:15-cv-02186-DAD-SKO**

1  TROY A. VALDEZ, State Bar No. 191478
   ERIN M. DOYLE, State Bar No. 233113
2  STEPHEN L. TAEUSCH, State Bar No. 247708
   VALDEZ LAW GROUP LLP
3  1901 Harrison Street, Suite 1450
   Oakland, California 94612
4  Telephone:  (415) 202-5950
   Facsimile:  (415) 202-5951
5  Email: tvaldez@valdezlawgroup.com
   Email: edoyle@valdezlawgroup.com
6  Email: staeusch@valdezlawgroup.com

7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Pursuant to Rule 26(f) of the Federal Rules of Civil Procedure, Defendant Comcast Cable Communications, erroneously sued as Comcast Corporation and Comcast of Contra Costa, Inc. ("Defendant") and Plaintiffs Kevin Huffman, Joshua Delacruz, Mark Haumschilt, James Patterson, Jeremy Powell, Mark Taylor, Ronald Harrison, Samuel Smith, Mark Walker, Ethan Wieser, Rick Alexander, Heng Ith, Christopher Cheng, Robert Wright, Kenneth Wear, John Schmitt Jr., John William Morris, Sr., Lynda Dugger, Moshe Crawford, Daniel Hester, Jason Shelton, Shawn Pickens, Andres Hidalgo, Derek Wells, Vidal Pineda, Adam Carter, Robert Lowry, Brandon Thornton, Richard Diaz, Mark McGavock and Robert Crawford[1] ("Plaintiffs") met and conferred regarding the substance of this Report and hereby submit the following Joint Status Report.

**(a)    Summary Of The Factual And Legal Contentions**

**1.    Plaintiffs:**

Plaintiffs were initially class members in a class action filed in Contra Costa Superior Court, *Fayerweather v. Comcast*, on behalf of Communication Technicians. The Contra Costa Superior Court certified a class in April 2010. Later, the Court decertified the class, holding that common issues did not predominate and individual actions would be superior. The Court made no merits determinations on any point. It merely concluded that such a case was not appropriate for aggregate litigation under Code of Civil Procedure § 382.

The California Court of Appeal (First District) denied Plaintiff Fayerweather's appeal from the trial court's decertification of the class action on August 28, 2014. Plaintiffs then filed an individual action in Sacramento County Superior Court. Nearly a year later, after conducting significant discovery, including propounding sets of requests for production of documents, and interrogatories, Defendants elected to file a Notice of Removal on October 20, 2015. The crux of Plaintiffs' case is their contention that Comcast discouraged and prevented them from taking lawful meal and rest breaks, primarily through workload demands and failed to pay wages for all hours worked.

---

[1] Plaintiffs have filed a Request for Dismissal of Plaintiff Anthony Hill.

**JOINT STATUS REPORT - CASE NO. 2:15-cv-02186-DAD-SKO**

Communication Technicians, such as Plaintiffs, perform work out in the field at customer's residences and businesses, installing and maintaining services provided by Comcast (internet, cable television, and telephone).

**2.     Defendant Comcast:**

Kevin Huffman is a former employee, who was employed at Comcast as a communications technician from December 3, 2007 to July 28, 2014. Joshua Delacruz is a current employee, who began working at Comcast as a communications technician on January 8, 2007. Mark Haumschilt is a former employee, who was employed at Comcast as a communications technician from April 5, 2008 to July 30, 2011. James Patterson is a former employee, who was employed at Comcast as a communications technician from December 3, 2007 to January 23, 2010. Jeremy Powell is a current employee, who began working at Comcast as a communications technician on November 5, 2007. Mark Taylor is a former employee, who was employed at Comcast as a communications technician from approximately 1993 to 2008. Ronald Harrison is a former employee, who was employed at Comcast as a communications technician from June 19, 1995 to December 1, 2012. Samuel Smith is a former employee, who was employed at Comcast as a communications technician from March 20, 2000 to July 4, 2012. Mark Walker is a former employee, who was employed at Comcast as a communications technician from January 7, 2004 to July 10, 2009. Ethan Wieser is a former employee, who was employed at Comcast as a communications technician from October 2008 to May 2009. Rick Alexander is a former employee, who was employed at Comcast as a communications technician from December 19, 2005 to April 3, 2014. Heng Ith is a former employee, who was employed at Comcast as a communications technician from July 22, 2005 to December 23, 2012. Christopher Cheng is a former employee, who was employed at Comcast as a communications technician from August 27, 2007 to November 17, 2011. Robert Wright is a former employee, who was employed at Comcast as a communications technician from July 2, 1998 to October 29, 2014. Kenneth Wear is a former employee, who was employed at Comcast as a communications technician from October 3, 2005 to October 2, 2010. John Schmitt Jr. is a current employee, who began working at Comcast as a communications technician on January 22, 2008. John William

Morris, Sr. is a former employee, who was employed at Comcast as a communications technician from May 28, 1991 to July 22, 2010. Lynda Dugger is a former employee, who was employed at Comcast as a communications technician from September 25, 2006 to August 2015. Moshe Crawford is a former employee, who was employed at Comcast as a communications technician from August 21, 2008 to August 2, 2012. Daniel Hester is a former employee, who was employed at Comcast as a communications technician from December 27, 2005 to February 19, 2012. Jason Shelton is a former employee, who was employed at Comcast as a communications technician from 2006 to June 26, 2009. Shawn Pickens is a current employee, who began working at Comcast as a communications technician on April 10, 2006. Andres Hidalgo is a current employee, who began working at Comcast as a communications technician on August 6, 2007. Derek Wells is a former employee, who was employed at Comcast as a communications technician from December 17, 2007 to April 12, 2013. Vidal Pineda is a current employee, who began working at Comcast as a communications technician on August 22, 2005. Adam Carter is a former employee, who was employed at Comcast as a communications technician from August 7, 2006 to May 2, 2009. Robert Lowry is a former employee, who was employed at Comcast as a communications technician from October 4, 2004 to May 13, 2009. Brandon Thornton is a former employee, who was employed at Comcast as a communications technician from February 12, 2007 to 2015. Richard Diaz is a former employee, who was employed at Comcast as a communications technician from March 26, 1990 to September 8, 2012. Mark McGavock is a former employee, who was employed at Comcast as a communications technician from approximately March 1997 to October 2011. Robert Crawford is a former employee, who was employed at Comcast as a communications technician from December 17, 2007 to March 14, 2013.

Plaintiffs were members of a certified class in *Fayerweather v. Comcast Corporation, et al.*, Contra Costa Superior Court Case No. MSC-08-01470 ("Fayerweather"). The court initially granted the Fayerweather plaintiff's motion for class certification. After class certification, the Fayerweather plaintiff discarded the principal theory on which the Court had based its decision to certify a class, and instead advanced various alternative theories of classwide liability, including

that Comcast had purportedly uniform corporate policies that required technicians to: (1) respond to communications from supervisors and dispatchers throughout the workday, including meal and rest breaks, and (2) record a 60-minute meal break on their timesheets even if their actual meal break was shorter than 60 minutes in duration. The Court then decertified the class on December 15, 2012, after reaching the conclusion that neither of these theories would be amenable to class treatment.

On October 27, 2014, Plaintiffs filed a wage and hour case with virtually identical causes of action to those previously litigated in the class decertification proceedings before the Contra Costa Superior Court in *Fayerweather*. Specifically, Plaintiffs allege claims for failure to pay wages, breach of implied contract, denial of meal and rest periods, failure to provide accurate, itemized wage statements and unfair business practices. Defendant denies Plaintiffs' allegations.

**(b)     Status of Service Upon All Defendants And Cross-Defendants**

Service has been completed.

**(c)     Possible Joinder Of Additional Parties**

The parties do not anticipate joinder of additional parties at this time.

**(d)     Contemplated Amendments To The Pleadings**

The parties do not anticipate amendment to the pleadings at this time.

**(e)     Statutory Basis For Jurisdiction And Venue**

Defendant removed this action from the Superior Court of the State of California for the County of Sacramento on the basis of diversity jurisdiction pursuant to 28 U.S.C. § 1332(a).

Venue is proper pursuant to 28 U.S.C. 1391(b) because a majority of the actions alleged in Plaintiffs' First Amended Complaint occurred within this judicial district.

**(f)     Anticipated Discovery And The Scheduling Of Discovery**

(1)     **Changes to Rule 26(a) disclosures and proposed timing**: The parties agree to exchange their disclosures pursuant to Rule 26(a) by March 31, 2016.

(2)     **Subjects on which discovery may be needed; when discovery should be completed, and whether discovery should be conducted in phases**: Defendant anticipates conducting discovery as to all of Plaintiffs' allegations, including their alleged damages.

Plaintiffs anticipate noticing the depositions of Plaintiffs' former supervisor and persons most knowledgeable with regard to Plaintiffs' employment. The parties anticipate that discovery should be completed by March 2017 and do not anticipate conducting discovery in phases at this point.

(3) **What changes, if any, should be made in the limitations on discovery imposed under the Civil Rules and what other limitations, if any, should be imposed**: None.

(4) **The timing of the disclosure of expert witnesses and information required by Rule 26(a)(2)**: The parties agree to comply with the timing outlined in Rule 26(a)(2).

(5) **Proposed dates for discovery cut-off**: March 2, 2017.

(6) **Electronically Stored Information ("ESI")**: The parties will meet and confer regarding discovery issues as they arise. Electronic discovery shall be limited to ESI that is reasonably available and accessible to the responding party in the ordinary course of business. A party need not provide discovery of ESI from sources that the party identifies as not reasonably accessible because of undue burden or cost. See Fed. R. Civ. P. 26(b)(2)(B).

(7) **Disclosure of privilege or of protection as trial-preparation materials**: The parties will meet and confer regarding discovery issues as they arise. Defendant requests a protective order be entered by the Court to govern the use and disclosure of information that is deemed confidential, trade secret, and/or commercially sensitive. The parties will submit a draft stipulated protective order for consideration and entry by the Court.

(8) **Changes to discovery limitations or other orders the Court should issue**: The parties do not anticipate any such changes or orders at this time.

(g) **Proposed Date By Which All Non-Discovery Motions Shall Be Filed**

April 14, 2017.

(h) **Proposed Dates For Final Pretrial Conference And Trial**

Final Pre-Trial Conference: June 26, 2017 or 30 days after ruling on dispositive motions.

Trial Date: July 5, 2017.

(i) **Estimate Days Of Trial And Whether Any Party Has Demanded A Jury**

Neither party has demanded a jury. The parties anticipate 17 days for trial.

1     (j)     **Appropriateness Of Special Procedures Such As A Reference To A Special Master Or Agreement To Try The Matter Before A Magistrate Judge**

All parties have not consented to the jurisdiction of a U.S. Magistrate Judge, and the parties do not anticipate special procedures such as reference to a special master at this time.

    (k)     **Proposed Modification Of Standard Pretrial Procedures Due To The Special Nature Of The Case**

Not anticipated at this time.

    (l)     **Whether The Case Is Related To Any Other Case**

By prior order of this Court, this case is related to the *Landin v. Comcast* case (Case No. 1:15-cv-01416-TLN-SKO) and several additional cases related to *Landin* (See Landin ECF No. 21). There is currently a motion brought by the Plaintiffs pending before the Panel for Multi-District Litigation to coordinate this case and all of the *Landin* related cases with 8 pending cases in the Northern District and 1 case in the Central District.

Procedural background: There are 20 cases (including the present action) that were filed in 20 different counties throughout California by the same plaintiffs' counsel against Comcast on behalf of current and former Comcast Technicians. The parties initially agreed that the cases were not related. Defendant removed 19 of those cases to federal court, and 10 of the cases are pending in the Eastern District of California, 8 of the cases are pending in the Northern District of California, and one of the cases is pending in the Central District of California.

On January 6, 2016, the Honorable James Donato, presiding in the *Ortega v Comcast* case (Case No. 4:15-cv-04676) in the Northern District of California requested that the parties jointly file a Notice of Related Cases and Notice of Pendency of Action. On January 13, 2016, the parties jointly filed a Notice of Related Cases regarding the Eastern District cases. On January 14, 2016, the cases in the Northern District were all relate d and assigned to the Honorable Jeffrey White, who was the judge in the first assigned Northern District case. On January 15, 2016, the Honorable Troy Nunley ordered the Eastern District cases related. On March 7, a motion to coordinate the cases was filed by the Plaintiffs before the Panel on Multi-District Litigation. Defendant has not yet filed a response.

(m) **Prospects For Settlement, Including Whether A Settlement Conference Should Be Scheduled**

Once Defendant has taken Plaintiffs' depositions, Defendant is willing to engage in settlement discussions. The parties have agreed upon court ordered mediation.

(n) **Any Other Matters That May Be Conducted To The Just and Expeditious Disposition of the Case, Including Whether Counsel Will Waive Any Disqualification and Stipulate to the Trial Judge Acting as a Settlement Judge**

The parties do not anticipate any such matters at this time. Plaintiffs do not agree to waive any disqualification and stipulate to the trial judge acting as a settlement judge.

Dated: March 11, 2016                    JONES DAY

By: /s/ Fred W. Alvarez (as auth'd 3/11/16)
    Fred W. Alvarez
    Allison B. Moser
    Emilie O. Reeslund

Attorney for Defendants
COMCAST CORPORATION and
COMCAST OF CONTRA COSTA, INC.

Dated: March 11, 2016                    VALDEZ LAW GROUP

By: /s/ Troy Valdez (as auth'd 3/11/16)

    Troy Valdez

Attorney for Defendants
COMCAST CORPORATION and
COMCAST OF CONTRA COSTA, INC.

| | |
|---|---|
| Dated: March 11, 2016 | RIGHETTI GLUGOSKI |
| | By: /s/ Patrick Terry |
| | Patrick Terry |
| | Attorney for Plaintiffs |